RECEIVED
CHARLOTTE, N.C.
OCT 11 2005
Clerk, U.S. Dist. Court
W. Dist. of N.C.

FILED
CHARLOTTE, N. C.
OCT 12 2005
U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:05CV174-V

OMNOVA SOLUTIONS, INC.

　　　　Plaintiff,

vs.

NALCO COMPANY f/k/a ONDEO NALCO COMPANY

　　　　Defendant.

STIPULATION AND CONSENT PROTECTIVE ORDER RESPECTING CONFIDENTIALITY OF DISCOVERY MATERIALS

　　　　Plaintiff and Defendant, through counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, acknowledge that the parties may seek information or documents through discovery which are or may be considered to be a trade secret or confidential by another party, and hereby move for and stipulate and agree to the entry of the following Stipulation and Consent Protective Order Respecting the Confidentiality of Discovery Materials as follows:

　　　　The Court, having considered the Stipulation and Joint Motion for Entry of Protective Order by and between Plaintiff and the Defendant in the above captioned matter;

IT IS HEREBY ORDERED that any person subject to this Order shall adhere to the following terms:

　　　　1.　　For purposes of this Protective Order, the term "Confidential Information" shall refer to information that a party believes in good faith to be a trade secret or other confidential research, development, or commercial or other proprietary business or financial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Such Confidential Information may be contained in documents, written discovery responses, elicited at deposition, at a hearing or at a trial, and designated as "CONFIDENTIAL" as set forth below. All documents and information containing Confidential Information obtained pursuant to discovery in this litigation or provided voluntarily shall be maintained by the receiving party in confidence and may only be used for purposes of this litigation.

2. Whenever a party that produces a document desires to designate information contained in the document as Confidential Information, that party shall mark the document with the legend, "Confidential" before the document is delivered to the requesting party or parties. A party may designate information contained in a document produced by a third-party as Confidential Information by notifying the other parties to this litigation in writing within 30 days of receipt of such copies of the documents produced.

3. Whenever a party desires to designate deposition testimony as Confidential Information, counsel for such party shall designate on the record of the deposition what testimony shall be so designated, and may also, upon receipt of the transcript, designate further portions of the transcript as Confidential Information by notifying all parties to this litigation in writing within 30 days after receipt of the transcript. Until such 30-day period has expired, each deposition transcript shall be treated as Confidential Information. Any deposition or portion thereof taken by the parties during which Confidential Information is being disclosed shall be taken as if in camera without any persons in attendance other than the persons listed in Paragraph 6 below, except that the parties may by unanimous consent agree that additional persons may attend.

4. If at any time prior to the trial of this action, a producing party realizes that certain documents or deposition testimony that party previously produced without limitation should be designated as Confidential Information, the party may so designate by apprising all parties to this litigation in writing. Such designated documents or deposition testimony will thereafter be treated as Confidential Information under the terms of this Order.

5. If a party objects to the designation of information as Confidential or requests still further limits on disclosure, that party shall notify the other parties in writing of the objection or request. The party making the designation and the party objecting to the designation will confer in good faith regarding any dispute over the designation. If these parties are unable to resolve such a dispute, either party may ask the Court to make a determination and the disputed Confidential Information shall continue to be treated as confidential under the terms of this Agreement unless and until the Court has ruled to the contrary.

6. Confidential Information may be disclosed only to the following persons: a) the attorneys working on this matter on behalf of any party to this litigation and the attorneys' employees; b) any person who is retained by any party or attorney to assist in preparation of this matter for trial, but only after such person has been provided a copy of this Order and has acknowledged his/her willingness to abide by the Order by executing an "Agreement to be Bound by Protective Order" in the form attached hereto as Exhibit A, which shall have a copy of this Order attached to the Agreement to be Bound by Protective Order as Exhibit 1; c) any witness who may testify at a deposition or trial with respect to Confidential Information, but only after such person has been provided a copy of this Order and has acknowledged his/her willingness to abide by the Order by executing an "Agreement to be Bound by Protective Order" in the form attached hereto as Exhibit A, which shall have a copy of this Order attached to the Agreement to be Bound by Protective Order as Exhibit 1; and d) the Court, Court personnel and any

mediator or arbitrator having jurisdiction over this litigation; and e) the parties to the litigation and authorized representatives of same.

7. Any person who makes a disclosure of Confidential Information permitted under the foregoing sub-paragraphs 6(b) and 6(c) shall first advise each person to whom such disclosure is made concerning the terms of this Order, and provide them with a copy of this Order and have them sign an "Agreement to be Bound by Protective Order" in the form attached hereto as Exhibit A. Each signed Agreement to be Bound by Protective Order shall be retained by the disclosing party's counsel who will produce it to all other parties' counsel either prior to the person being permitted to testify (at deposition or at trial) or at the conclusion of the case, whichever comes first.

8. Any Confidential Information submitted or presented to, or filed with the Court shall be filed under seal and shall not be made available to persons other than the Court and persons authorized by this Order.

9. The Order shall survive the termination of this litigation. At the end of each party's involvement in this litigation, the party shall either destroy or return all documents containing Confidential Information to the party that designated the information and shall take reasonable steps to verify that any Confidential Information that party disclosed to any expert or consultant is returned or destroyed in accordance with this paragraph. For purposes of this Order, a party's involvement in this litigation is ended when all claims the party has asserted and all claims asserted against that party are finally resolved by a final, non-appealable order or settlement.

10. Nothing in this Agreement shall prevent any party from producing any document or information in its possession to another person or governmental entity in response to a subpoena or other compulsory process. Provided, however, that if such party receives a subpoena or compulsory process seeking production or other disclosure of Confidential Information, that party shall give prompt written notice to the counsel for the party that produced or designated the confidential information, identifying the Confidential Information and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process. In no event shall production or other disclosure be made before a reasonable notice is given.

11. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to the attorney-client privilege, the protection afforded to work-product materials, the confidentiality protection of this Agreement, or the subject matter thereof. Upon receiving notice from any party that materials have been inadvertently produced, they shall be promptly returned to the party that produced the materials inadvertently. Such return shall not be deemed an admission or concession regarding any claimed privilege or protection under this Agreement.

12. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

13. This Order is without prejudice to the right of any party to seek modification or amendment of this Order by further Order of this Court upon motion and notice.

This *12th* day of *October*, 2005.

*/s/ Carl Horn, III*
The Honorable Carl Horn III,
U.S. Magistrate Judge Presiding

Approved as to Form and Content:

Hamilton Fay Moon Stephens Steele & Martin, PLLC

*/s/*
David B. Hamilton (N.C. Bar No. 7771)
Mark R. Kutny (N.C. Bar No. 29306)
2020 Charlotte Plaza
201 South College Street
Charlotte, NC 28244-2020
704-344-1117
*Counsel for Plaintiff*

Johnston, Allison & Hord, P.A.

*/s/*
John C. Lindley, III (N.C. Bar No. 31650)
Robert L. Burchette (N.C. Bar No. 7135)
Post Office Box 36469
Charlotte, North Carolina 28236
704-332-1181
*Counsel for Defendant*

4

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## Civil Action No.: 3:05CV174-V

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print name], have read the Stipulation and Consent Order respecting Confidentiality of Discovery Materials entered in the case referenced above, attached hereto as Exhibit "1" and I agree to be bound by its terms.

This the _____ day of _____, 2005.

Signed:_____

Sworn to and subscribed before me
this _____ day of _____, 2005

_____
Notary Public                                [Seal]

My commission expires:_____

5